**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

David Bui, et al.,                                              Case No.  3:14CV428

        Plaintiff

        v.                                                       **ORDER**

Roy V. Armes, et al.,

        Defendants

This is a shareholder derivative action brought by plaintiffs David Bui and Henry Zwang against nominal defendant Cooper Tire & Rubber Company (Cooper) and several of its officers and directors: Roy Armes, Bradley Hughes, Thomas Capo, Steven Chapman, John Holland, John Meier, Cynthia Neikamp, John Shuey, Richard Wambold, and Robert Welding.

Plaintiffs allege that defendants' breached their fiduciary duty in relation to a failed merger transaction.

Currently, a securities class action and a shareholder derivative action, both of which involve the same or substantially similar alleged facts and defendants, are pending in the United States District Court for the District of Delaware.

Pending is defendants' motion to transfer venue to the District of Delaware pursuant to 28 U.S.C. § 1404(a). (Doc. 13).

1

Also pending is defendants' motion to stay proceedings. (Doc. 20).

For the reasons that follow, I grant defendants' motion to transfer. As a result, I dismiss defendants' motion to stay proceedings as moot. I dismiss it without prejudice to defendants' right to seek that relief in the District of Delaware.

## Background

Cooper is a multi-national tire company incorporated in Delaware and headquartered in Findlay, Ohio. In 2013, the company attempted to merge with Apollo Tyres Ltd. (Apollo), an Indian company.

According to plaintiffs' complaint, on June 12, 2013, Cooper and Apollo jointly announced the proposed merger transaction, valued at approximately $2.5 billion. The press release touted Cooper's presence in China, which includes Cooper Changshan Tire Company, Ltd. (CCT), Cooper's joint venture with Changshan Group (Chengshan). Cooper did not disclose, however, that the head of Chengshan, Chairman Che, was fiercely opposed to the merger.

As a result of the proposed merger, on June 21, 2013, workers at CCT went on strike. They returned to work but refused to produce Cooper-branded tires. CCT also barred Cooper's representatives from entry into the facility and denied them access to CCT's books and records.

Plaintiffs allege that Cooper's proxy statement to its shareholders downplayed CCT's opposition and misled the shareholders on the viability of the proposed merger with Apollo.

On August 1, 2013, the United Steelworkers (USW) filed grievances challenging the proposed merger as violating agreement between Cooper and certain local unions in Arkansas and Ohio. In September, 2013, an arbitrator ordered Cooper to refrain from merging until USW entered into agreements with Apollo.

On October 4, 2013, Cooper sued Apollo for breaching the merger agreement in the Delaware Court of Chancery. In November, 2013, the Court of Chancery denied Cooper's demand that Apollo close on the proposed merger. As a result, the value of Cooper's stock plummeted. Several days later, Cooper disclosed that it would be unable to file its Form 10-Q for the third quarter because the CCT employees had denied Cooper access to its facility and had withheld business and financial information.

In December, 2013, the Delaware Supreme Court dismissed Cooper's interlocutory appeal of the Chancery Court's decision. On December 30, 2013, Cooper announced that it was terminating the proposed merger.

On January 17, 2013, OFI Risk Arbitrages Inc. (OFI), a French trust fund, and Timber Hill Inc., a Connecticut limited liability company, filed suit in the District Court of Delaware, alleging securities law violations related to the failed Apollo merger. *See OFI Risk Arbitrages, et al., v. Cooper Tire & Rubber Company, et al.*, No. 1:14-cv-0068 (D. Del.).

On February 24, 2014, plaintiff Bui filed this derivative action in this district, alleging breaches of fiduciary duty related to the merger transaction. On March 6, 2014, plaintiff Zwang filed a similar derivative action in this district. *See Zwang v. Armes, et al.*, No. 3:14-cv-0511 (N.D. Ohio). On May 19, 2014, I granted an unopposed motion to consolidate the Bui and Zwang actions into one.

On April 17, 2014, Jim Fitzgerald filed a derivative action in the District Court of Delaware, alleging similar breaches of fiduciary duty related to the failed merger transaction. *See Fitzgeralad v. Armes, et al.*, No. 1:14-cv-0479 (D. Del.).

Defendants now seek to transfer venue to the District of Delaware where the *OFI* and *Fitzgerald* actions are currently pending.

## Discussion

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Supreme Court has stated that § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1998) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Court has described § 1404(a) as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (internal quotations and citation omitted).

To decide a motion to transfer, I conduct a two-step analysis. First, I must determine whether the proposed venue is a district where the parties could have properly brought the action. *Betco Corp. v. Peacock*, 2014 WL 809211, *9 (N.D. Ohio). Second, I determine whether the transfer would serve the convenience of the parties and promote the interest of justice. *Id*.

### 1. The Proposed Venue is a District Where The Parties Could Have Properly Brought The Action

First, I determine whether the proposed venue is proper under 28 U.S.C. § 1391, which states that parties may bring a civil action in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Additionally, 28 U.S.C. § 1401, which applies specifically to shareholder derivative actions, states that venue is appropriate "in any judicial district where the corporation might have sued the same defendants."

Defendants argue that venue is proper in the District of Delaware for three reasons. First, with regard to plaintiff Bui, the court has subject matter jurisdiction under 28 U.S.C. § 1332a because Bui is a citizen of California, none of the defendants reside in that state, and Bui alleges an amount in controversy in excess of $75,000. With regard to plaintiff Zwang, defendants contend that the Delaware court has original jurisdiction under 28 U.S.C. § 1331 over his claims asserted under § 27 of the Exchange Act, and supplemental jurisdiction under 28 U.S.C. § 1367(a) over his other claims.

Second, defendants argue that each of the defendants in the *Bui* and *Zwang* complaints is subject to the personal jurisdiction of the Delaware courts under 10 Del. C. § 3114. Third, defendants contend that venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred there.

Plaintiffs argue that venue is not proper under § 1391(b)(1) because none of the real defendants reside in Delaware and the corporation is not considered a defendant for purposes of establishing where it might have the sued real defendants. It further contends that venue is not proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the

5

claim did not occur in Delaware. It states that Cooper has no employees or factories in Delaware and no board meetings took place there. It contends the only event remotely related to plaintiffs' claims is the trial held in Delaware Court of Chancery between Cooper and Apollo.

I find that venue is proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Delaware. This shareholder derivative lawsuit is a result of the underlying litigation between Cooper and Apollo which occurred in the Delaware Court of Chancery.[1]

The consolidated complaint references the Delaware litigation repeatedly. (Doc 16, at 2, 3, 6, 7, 14, 15, 21, 23). It alleges that as a direct and proximate result of the defendants' actions, Cooper has expended and continues to expend significant sums of money "incurred prosecuting the attempt to force consummation of the merger in the Delaware litigation." *Id.* at 23.

Both the *Bui* and *Zwang* complaints assert that as a result of the Delaware Court of Chancery's ruling denying Cooper's request for an order requiring Apollo to close the merger, Cooper's stock plummeted. The consolidated complaint also references two actions occurring in the District of Delaware and the Delaware Court of Chancery as a result of defendants' alleged misconduct.

While not all the events related to this shareholder lawsuit took place in Delaware, it is clear that the Delaware litigation gave rise to a substantial part of the events for this shareholder action. As defendants note, the Sixth Circuit has recognized that the standard for venue is substantial – not more or most substantial:

---

[1] Even if, as plaintiffs argue, the underlying action occurred in Delaware only because of a forum selection clause in Cooper and Apollo's merger agreement, that fact does not diminish the connection this action now has to Delaware.

> The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as "substantial" activities took place in A, too. Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even the most substantial.

*First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (citation omitted).

Thus, I find the District of Delaware is a proper venue.[2]

### 2. Balancing Private- and Public- Interest Factors

The next issue is whether transfer is appropriate under § 1404(a)'s balancing test, which permits transfer of venue "for the convenience of parties and witnesses" and "in the interest of justice." In making a decision, I consider "both the private interests of the litigants and the public's interest in the administration of justice." *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

Private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Id*.

Public interests include "docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law." *Id.*

The moving party has the burden of establishing the need for a transfer of venue. The balance of facts should weigh strongly in favor of a transfer. *Picker Intern., Inc. v. Travelers Indem. Co.*, 35

---

[2] Because I find the proposed venue is proper under § 1391(b)(2), I do not address the parties' other arguments regarding the first-step venue analysis.

7

F. Supp. 2d 570, 573 (N.D. Ohio 1998). I ultimately, however, have discretion to grant the transfer. *Jamhour*, *supra*, 211 F. Supp. 2d at 946.

**A. Private Interests**

Defendants argue that the private interests of the litigants strongly favor transfer of venue. They contend that because both Bui and Zwang are not residents of the Northern District of Ohio and are derivative plaintiffs, I should give their choice of forum less weight.

Defendants also contend that of the ten individual defendants, who are all likely to be the key witness, only three of them reside in Ohio. The others reside all over the country: Colorado, Florida, Indiana, Kansas, Michigan, and Texas.

Defendants argue that because of the closely related securities action and a nearly identical shareholder derivative action pending in the District of Delaware, the witnesses will be unduly burdened by managing different litigation schedules – one in Ohio and the other in Delaware. By transferring venue, defendants contend that the Delaware district court will coordinate the schedules in all cases to maximize efficiency and minimize inconvenience to all the parties and non-party witnesses.

Plaintiffs also argue that this court is more convenient for the witnesses. They note that in addition to the three defendants who live in Ohio, two live just outside of Detroit, Michigan, and are less than an hour and a half away from this courthouse. Plaintiffs also contend that defendants have not provided enough information about potential witnesses to indicate the level of inconvenience for them.

Plaintiffs further argue that because of the company's headquarters in Ohio, far more potential witnesses will dwell within 100 miles of this court compared to Delaware should the court

need to compel unwilling witnesses to appear. They also argue that the bulk of Cooper's records, meeting minutes, and memoranda are in Ohio and thus it is easier to access documents in this district.

I find defendants' arguments persuasive.

As defendants correctly note, I need not give additional weight to the plaintiffs' choice of forum because neither of them reside in Ohio. *Central States, SE& SW Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1011 (N.D. Ohio 1998). Additionally, because this a shareholder derivative action, the plaintiffs' choice of forum is further diminished because they are not asserting individual claims on their own behalf. *See Blake v. Family Dollar Stores, Inc.*, 2007 WL 1795936 (S.D. Ohio).

Plaintiffs are correct that half of the individual defendants reside in or near the Northern District of Ohio. They fail, however, to address defendants' argument that those same individual defendants strongly favor a transfer despite their geographical proximity to this courthouse. Because the individual defendants are key witnesses to this derivative action – they are allegedly at fault for the botched merger with Apollo – I must take into account what would be convenient for them. *See RFF Family P'ship, LP v. Wasserman*, 2010 WL 420014, *11 (N.D. Ohio) (finding plaintiff's choice of forum "less compelling" because defendants were likely to be key witnesses strongly desired to litigate in transferee court).

As defendants' persuasively argue, having one district court preside over several actions all related to the same set of events is clearly preferable to the witnesses. The parties and witnesses can more easily coordinate their schedules to minimize duplicative meetings, interviews, depositions, etc... Thus, I find this factor strongly weighs in favor of transfer.

9

To the extent that other non-party witnesses from Ohio are involved in this case, it is still more convenient for them to go to Delaware for all related cases instead of going to Delaware for the two actions currently there and then go through the same process again in Ohio. Additionally, while it is true that more non-party witnesses may be in Ohio because Cooper is headquartered here, there is no indication that any witnesses are unwilling to appear. Thus, this factor does not tip the balance in favor of plaintiffs. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 940 (E.D. Mich. 2001).

Finally, plaintiffs' argument that access to documents is easier in Ohio is not persuasive. There will be a large overlap of those documents with the documents required for the pending Delaware actions. As a result, any burden on plaintiffs regarding document production should be minimal.

Thus, I find the private interests strongly favor transfer of venue to the District of Delaware.

### B. Public Interests

Defendants argue that several public interests strongly favor a transfer of venue. They contend that transfer would eliminate the possibility of two courts issuing inconsistent rulings between the Ohio and Delaware shareholder derivative actions against Cooper. They further argue that a transfer conserves judicial resources because only one court needs to become familiar with the same events, parties, witnesses, and legal issues.

Defendants also contend that a Delaware judge will be more familiar with Delaware substantive law which governs this action. Finally, defendants argue that the Northern District of Ohio's docket is more congested per judge than in the District of Delaware.

Plaintiffs contend that defendants' arguments are without merit. They argue this court is perfectly capable of interpreting Delaware law and does so regularly. They note that the docket in this district is not too congested to handle this action. Finally, plaintiffs contend that Cooper's ample ties to Ohio weigh heavily in favor of denying transfer because there is great value in holding trial in a community where the public affected live.

Again, I find that the public interests weigh strongly in favor of transfer.

Plaintiffs do not address defendants' argument that transfer would eliminate inconsistent rulings in the shareholder derivative actions nor do they respond to defendants' contention that transfer would conserve judicial resources. Both arguments are highly persuasive. Regardless of the level of docket congestion in either district or my ability to interpret Delaware substantive law, it is obvious that judicial economy is best served by one judge managing these related cases given that the same defendants are involved and the same facts are alleged. *E.g.*, *Betco Corp.*, *supra*, 2014 WL 809211, at *9 (finding judicial economy was best served by having related actions in the same district); *Donia v. Sears Holding Corp.*, 2008 WL 2323533, *4 n.2 (N.D. Ohio) (same).

Plaintiffs' argument that Cooper has longstanding ties to Ohio does weigh in favor of denying transfer of venue. Cooper is headquartered in this district and has been doing business here for one hundred years. Thousands of its employees work here.

The federal judiciary's resources, however, are limited. Ultimately, the time, money, and effort saved by having one judge preside over these related actions outweighs the value in holding trial in this community despite Cooper's strong ties here.

Thus, I find that the public interests strongly favor transfer of venue.

**Conclusion**

It is, accordingly,

ORDERED THAT:

1.  Defendants' motion to transfer venue to the District of Delaware (Doc. 13) be, and the same hereby is granted.

2.  Defendants' motion to stay proceedings (Doc. 20) be, and the same hereby is denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge